UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-420-FDW
(3:09-cr-39-FDW-5)

| MICHAEL GREENE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter is before the Court on Petitioner's Motion for New Trial, (Doc. No. 36). Petitioner is represented by Charles R. Brewer.[1]

The Court sets forth a brief procedural history of this case. Petitioner filed his underlying motion to vacate, pro se, on September 9, 2015. (Doc. No. 1). On September 15, 2015, this Court ordered the Government to respond. (Doc. No. 2). After receiving extensions of time to file a Response, and after Petitioner filed a motion to amend, the Government filed its Response in opposition to Petitioner's motion to vacate on January 12, 2016. (Doc. Nos. 4, 5, 8, 9). On January 25, 2016, attorney Stacey Rubain filed a Notice of Appearance. (Doc. No. 10). On February 1, 2016, the Court granted Petitioner an extension of time to file a Reply to the Government's Response in opposition. (Doc. No. 15). The Court subsequently allowed Rubain to withdraw as counsel, and the Court entered an order granting Petitioner sixty days to file a

---

[1] After submitting this pending motion on Petitioner's behalf, Mr. Brewer filed a motion to withdraw as counsel, which this Court will adjudicate after the Court addresses this pending motion.

1

Reply pro se. (Doc. No. 22). Petitioner filed a pro se Reply to the Government's Response in opposition to the motion to vacate on June 6, 2016. (Doc. No. 23). On July 21, 2016, Petitioner filed a "Pro se Notice of Exhibit and Motion to Supplement." (Doc. No. 24). On December 5, 2016, the Court ordered the Government to file a Response to Petitioner's motion to supplement. (Doc. No. 25). On December 21, 2016, the Government filed a Response to Petitioner's motion to supplement. (Doc. No. 26). On January 12, 2017, this Court entered an order denying and dismissing Petitioner's motion to vacate with prejudice. (Doc. No. 27).

On January 23, 2017, attorney Charles Brewer filed a Notice of Appearance on Petitioner's behalf. (Doc. No. 29). Brewer subsequently filed, on Petitioner's behalf, the pending motion. Petitioner also previously filed a Motion for Recusal of Judge, (Doc. No. 35), and a Motion to Set Aside Judgment Pursuant to Rule 60, (Doc. No. 37), but the Court denied these motions for the reasons stated in the Court's prior order dated December 18, 2017. See (Doc. No. 50). In its prior order, the Court found that the pending Rule 59 motion was mixed, containing both successive claims and one claim attacking the collateral proceedings. (Id.). Specifically, the Court found the following:

> As he did in his original motion to vacate . . . Petitioner raises arguments regarding the alleged improprieties of former Charlotte Mecklenburg County Police Chief Kevin Mulls, and Petitioner attempts, again, to raise an issue as to the credibility of Chief Mullis, who was a witness for the Government in Petitioner's underlying criminal action. Petitioner contends, for instance, that the "gravamen of the issue is that [certain evidence] was planted by Chief Mullis, and the Anson County conviction based thereon was vacated as a result of Greene arguing that the drug evidence . . . had been placed by Chief Mullis . . . ." (Doc. No. 36 at 7-8). Petitioner also complains that because he was not allowed to file a Reply addressing the Government's assertions made in its Response regarding Chief Mullis, he is entitled to an order by this Court setting aside the Court's decision on his motion to vacate. Finally, Petitioner asserts that (1) he anticipates filing a civil rights action against Chief Mullis and the Town of Lilesville, which "may bring further light to the situation," id. at 8; (2) this Court should review documents relating to Detective Arvin Fant, a witness for the Government, id. at

2

> 9; and (3) this Court erred in determining that his counsel did not provide
> ineffective assistance when investigating the case and bringing wiretap evidence
> to jail for Petitioner to review, id. at 9-11.
>
> . . . .
>
> Here, Petitioner's Rule 59 motion is mixed. As noted, Petitioner argues that: (1)
> he should have been allowed to file a Reply to the government's Response to his motion
> to supplement, Doc. No. 36 at 5-8; (2) a civil rights action he anticipates filing against
> Chief Mullis and the Town of Lilesville "may bring further light to the situation," id. at 8;
> (3) this Court should review documents relating to Detective Arvin Fant, id. at 9; and (4)
> this Court erred in determining that his counsel did not provide ineffective assistance
> when investigating the case and bringing wiretap evidence to jail for Petitioner to review,
> id. at 9-11. Only Petitioner's claim that he should have been allowed to file a Reply to
> the Government's Response to his motion to supplement the record is properly brought
> under Rule 59(e) because it alleges a defect in the collateral proceedings. Petitioner's
> assertion that he may discover additional evidence through a potential civil rights suit is
> speculative and does not show any error in the current proceedings. Nor does his
> contention that the Court should review documents relating to Detective Fant identify any
> error in the Section 2255 proceedings, where Petitioner did not raise a claim relating to
> Detective Fant in his Section 2255 motion. Rather this appears to be an attempt to raise a
> new claim that he could have presented previously. Finally, Petitioner's challenge to this
> Court's resolution of his ineffective assistance claim, based on counsel's investigation
> and the wiretap evidence, merely seeks to revisit the merits of his Section 2255 motion.
> Accordingly, these claims are subject to dismissal because they are successive.

(Id. at 5-8). This Court thereafter gave Petitioner ten days in which to notify the Court whether he intended to abandon his improperly raised successive claims, or whether he sought to have the entire motion treated as a successive application.

In his response, filed through counsel, Plaintiff asserts that this first three claims are, in fact, not successive. (Doc. No. 53). Specifically, Petitioner contends, again through counsel, the following:

> Petitioner respectfully contends that no new or successive claims have been raised
> in either his motion to vacate filed, pro se, on September 9, 2015, (Doc. 1) or in
> any of the other filings subsequently filed by petitioner or his undersigned counsel
> in this proceeding. Petitioner has simply attempted to show how this Court has
> overlooked very important facts in its initial assessment of his Section 2255
> petition which was concluded without the conduct of an evidentiary hearing. For
> instance, petitioner contends that the Court took possession of defendant's exhibits
> 7, 8, and 9 (important letters tending to show that petitioner's claims of ineffective

> assistance of counsel initially raised in his original Section 2255 petition indeed has merit ). These exhibits were allegedly entered into evidence by Judge Frank D. Whitney at the March 7, 2011, hearing (Doc. 588), but these exhibits cannot be found in the record in this case. The only new facts that petitioner has brought to the attention of this Court in his Rule 59(e) filing is that Detective Arvin Fant's personnel file was never filed in the record under seal following its in camera review by the Court. Petitioner asserts that Judge Whitney ruled that said personnel file would be filed under seal. Petitioner contends that the personnel file was never filed either under seal or otherwise. Petitioner contends that the above facts as described in his Rule 59(e) filing are part of a chain of misconduct that petitioner has encountered throughout these proceedings. Petitioner contends that these are two instances where evidence favorable to the petitioner has been improperly handled by the Court. Consequently, petitioner firmly asserts that the matters set forth in this Section 2255 motion and in the Rule 59(e) motion are facts that have been overlooked by the Court and not new claims.

(Id. at 1-2). Finally, Petitioner, through counsel, seeks for this Court to "vacate its previous orders and recuse itself," and counsel notes that Petitioner has, pro se, attempted to have various government agencies "initiate investigations of alleged judicial misconduct" by the undersigned. (Id. at 2 n.2).

Contrary to Petitioner's assertions, the claims specified by the Court in its prior order as successive are, in fact, successive and are therefore subject to dismissal. That is, Petitioner has either raised new claims in his pending Rule 59 motion, or he has attempted merely to assert additional facts to support the claims already raised and rejected in his prior Section 2255 petition. Furthermore, as to Petitioner's contentions in his motion about the alleged disappearance of certain exhibits (three letters) that he introduced into evidence at a prior hearing in Petitioner's underlying criminal action, these exhibits were introduced by Petitioner himself, rather than through counsel. Petitioner introduced these exhibits, pro se, as Exhibits 7, 8, and 9, at Petitioner's sentencing hearing held on March 7, 2011, and he alleges that these letters support his ineffective assistance of counsel claim. See (Crim. Case No. 3:09-cr-39-FDW-5, Doc. No. 588 at 117-18). Petitioner was responsible for maintaining his own exhibits; thus, he cannot now

attempt to fault the Court for the fact that the exhibits cannot be found in the record. See LOCAL CIV. R. 79.1. In any event, the letters relate to Petitioner's ineffective assistance of counsel claims that this Court has already rejected in its order denying Petitioner's motion to vacate.

Finally, as to Petitioner's single, non-successive claim—that he was not allowed to file a Reply after the Government filed its response to Petitioner's motion to supplement—the Court denies the Rule 59 motion as to this claim. A motion to alter or amend under Rule 59(e) may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Petitioner does not cite a change in controlling law or new evidence; rather he asserts only that there was a miscarriage of justice because he should have been allowed to reply to the Government's response to his motion to supplement the record. Petitioner contends, for instance, that he should have been allowed to argue, in a Reply, that the State's vacatur of a prior conviction against him showed that Mullis planted evidence against him and that this "planted evidence would have had an effect on the jury's verdict." (Doc. No. at 7-8). As this Court found in denying Petitioner's motion to file a Reply, Petitioner had no right to file a Reply. See (Civ. Doc. No. 34). In any event, this Court did consider but rejected Petitioner's argument, made in his prior motion to supplement his Section 2255 petition, that the evidence was planted and that this denied him a fair trial and constituted a miscarriage of justice. Accordingly, Petitioner cannot show a miscarriage of justice where he had no right to file a Reply, and where the arguments he seeks to raise were already presented to this Court and rejected.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion for New Trial, (Doc. No. 36), is **DENIED** and **DISMISSED**.

Signed: February 8, 2018

Frank D. Whitney
Chief United States District Judge